**Hearing Date: August 11, 2025, at 9:30 a.m. (prevailing Eastern Time)**
**Objection Deadline: August 4, 2025, at 4:00 p.m. (prevailing Eastern Time)**

DAVIDOFF HUTCHER & CITRON LLP
*Proposed Substitute Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                            Chapter 11

31FO LLC,                                  Case No.: 24-73893-REG

                       Debtor.
---------------------------------------------------------X

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING (I) POST-PETITION THIRD PARTY RETAINER PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

The above-captioned debtor and debtor in possession (the "Debtor"), by and through its proposed undersigned substitute counsel, hereby submits this motion (the "Motion") seeking entry of an order (the "Order"), substantially in the form attached to *Application to Employ and Retain Davidoff Hutcher & Citron LLP as Substitute Attorneys for the Debtor Effective as of June 18, 2025* [Docket No. 54] (the "Application"), which is fully incorporated herein, authorizing Mid Hudson Property Services LLC ("MHPS), an entity solely owned and managed by the Debtor's manager, Mr. David D. DeRosa ("Mr. DeRosa") to pay a post-petition retainer to the Debtor's bankruptcy counsel. In support of this Motion, the Debtor respectfully state as follows:

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 363(b)of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

**Background**

4.      On October 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Thereafter, the instant proceedings were referred to Your Honor for administration under the Code. The Debtor is operating as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

5.      The Debtor was originally represented by Goldberg Weprin Finkel Goldstein, LLP ("GWFG"), whose retention by the Debtor was granted by this Court on March 18, 2025 [ECF No. 41].

6.      On June 23, 2025, GWFG and Davidoff Hutcher & Citron LLP ("DHC") executed a substitution of counsel stipulation, a copy of which is annexed as **Exhibit A** to the Application.

7.      As the Court is aware, the Debtor has experienced some less than favorable results so far in the Chapter 11 Case, and as a result, decided to find substitute counsel in order to move this case towards a successful and swift conclusion to the satisfaction of all interested parties.

8.      As such, on June 20, 2025, DHC received a $25,000.00 retainer (the "Retainer") from Mid Hudson Property Services LLC, an entity which Mr. DeRosa owns and manages. None of the retainer was paid on account of any antecedent debt. In addition, DHC is not a pre-petition creditor of the Debtor. A Lar Dan declaration from Mr. DeRosa further disclosing this payment is annexed as **Exhibit D** to the Application.

### Relief Requested

9.      By this Motion, the Debtor seeks entry of the Order authorizing Mr. DeRosa to pay DHC the Retainer on behalf of the Debtor in connection with DHC's Application as attorneys.

### DHC's Qualifications

10.      The Debtor has determined that the retention of DHC as bankruptcy counsel is necessary for the successful administration of the Chapter 11 Case, and that DHC's employment would be in the best interests of the Debtor's estate. The Debtor seeks authorization to have Mr. DeRosa pay DHC the post-petition Retainer in connection with the Application because of DHC's recognized expertise and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under Chapter 11 of the Bankruptcy Code. DHC regularly

represents Chapter 11 debtors in the Southern and Eastern Districts of New York as well as other states including Texas and Florida. DHC is well qualified by its expertise and experience to serve as bankruptcy counsel to the Debtor in this proceeding.

11.    In preparing for its representation of the Debtor in this Chapter 11 Case, DHC has become familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this Chapter 11 Case. The Debtor believes that DHC is both well-qualified and uniquely able to represent the Debtor in these Chapter 11 Case in an efficient and timely manner. The Debtor has determined that a post-petition retainer to obtain the services of DHC as its attorneys will substantially enhance DHC's ability to: (i) operate and meet its administrative obligations in this case; and (ii) preserve and maximize the value of all assets of the estate.

**Basis for Relief**

12.    In order to secure DHC's services to the Debtor in this Chapter 11 Case, the Debtor hereby requests authorization to for Mr. DeRosa to pay DHC a third-party retainer of $25,000.00 for services to be rendered and expenses to be incurred in connection with the Debtor's Chapter 11 Case, pursuant to sections 105 and 363 of the Bankruptcy Code.

13.    Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such action." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (requiring the debtor to show a "good business reason" for a proposed transaction under section 363(b)).

14.     Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein. Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue and order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990) (Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code). Indeed, the relief requests herein is consistent with the relief generally approved by bankruptcy courts. *In re K.G. IM, LLC*, 620 B.R. 469, 486–87 (Bankr. S.D.N.Y. 2020) (same); *In re Nine West Holdings, Inc.*, 588 B.R. 678, 687–88 (Bankr. S.D.N.Y. 2018) (same).

15.     The decision to have MHPS pay the Retainer should be authorized because it is a sound exercise of the Debtor's business judgment. As set forth in the Application, DHC has extensive experience representing debtors in Chapter 11 cases in this District. DHC has considerable experience advising companies like the Debtor through corporate restructurings, and DHC's personnel are well qualified and equipped to represent the Debtor. DHC will provide services that are in the best interests of all parties in interest in this Chapter 11 Case.

## Notice

16.     The Debtor will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the Eastern District of New York; (b) the holders of the 30 largest unsecured claims against the Debtor; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

17.    No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests authorization for MHPS to pay the Retainer in accordance with the order attached to the Application, granting the relief requested herein and granting such other relief as is just and proper.

Dated: New York, New York
       June 25, 2025

DAVIDOFF HUTCHER & CITRON LLP
*Proposed Substitute Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400


By:*/s/ Robert L. Rattet*
       Robert L. Rattet, Esq.